IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAQUAN FUDGE, | : | |
| | : | |
| *Plaintiff,* | : | |
| v. | : | CIVIL ACTION |
| | : | |
| MOUNTAIN RUN SOLUTIONS, LLC, | : | No. 21-2671 |
| | : | |
| *Defendant.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                             **December 8, 2021**

Plaintiff Daquan Fudge ("Fudge") brings this action against Defendant Mountain Run Solutions, LLC ("Mountain Run"), a debt collector, for actual and statutory damages and legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Compl., ECF No. 1.  Specifically, Plaintiff alleges that Mountain Run violated 15 U.S.C. § 1692e(8) by failing to report to a credit reporting agency that a debt was disputed by the consumer.

This matter comes before the Court on Plaintiff's Motion for Entry of Default Judgment Against Defendant.  ECF No. 14.  Plaintiff filed suit on June 14, 2021 and properly served Mountain Run with the summons and complaint, but no answer or motion was filed in response. The Clerk of Court entered default on September 8, 2021.  *See* ECF No. 9.  For the reasons set forth below, the Court will enter default judgment and award Plaintiff $5,508.25 in statutory damages and attorney's fees and costs.

**I.      BACKGROUND**

Because Mountain Run has not appeared, the Court must rely on Plaintiff's filings to recite the relevant facts.

Plaintiff Fudge incurred a debt primarily for personal, family, or household purposes. Compl. ¶ 18. After the debt went into default, the debt was transferred to Defendant for collection. Compl. ¶ 20. Plaintiff disputes the debt. Compl. ¶ 21. On February 26, 2021, Plaintiff sent a letter to Defendant to dispute the debt Defendant was attempting to collect. Compl. ¶ 28; ECF No. 1-2.

On May 30, 2021, Plaintiff obtained and reviewed a copy of his TransUnion credit report. Compl. ¶ 31. The TransUnion credit report dated May 30, 2021, failed to indicate that the debt at issue was disputed by the consumer. Compl. ¶ 34; ECF No. 1-3. The credit report was last reported or verified May 22, 2021. Compl. ¶ 33; ECF No. 1-3. Therefore, as of May 2021, Defendant was continuing to report Plaintiff's debt to TransUnion without indicating that the debt was disputed. Compl. ¶ 32.

Defendant's collection actions alarmed, confused, and distressed Plaintiff. Compl. ¶ 36. Defendant's failure to report the debt as disputed to TransUnion had a negative impact on Plaintiff's credit rating and has impaired his ability to obtain credit. *Id.*

## II.     DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) permits the Court to enter a default judgment against a party when the Clerk of Court has entered default. As a threshold issue, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action." *Broad Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (citation omitted). Then, the Third Circuit requires consideration of the following factors: (1) whether the defendant appears to have a litigable defense; (2) prejudice to the plaintiff if

default judgment is denied; and (3) whether the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  A court is required to exercise sound judicial discretion in deciding whether to enter default judgment.  *Michael Karp, et al., v. Dana Jenkins, et al.*, No. 4:18-CV-02282, 2021 WL 5631750, at *1 (M.D. Pa. Dec. 1, 2021).

The Court accepts as true any factual allegations, other than those as to damages, alleged in the complaint.  *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005).  By failing to answer or appear, Mountain Run has conceded Plaintiff's allegations in his complaint.  *Terrell Hutchins v. Mountain Run Soluntions, LLC et al.*, No. CV 20-5853, 2021 WL 5356774, at *3 (E.D. Pa. Nov. 17, 2021).

### A. Fudge brings a legitimate cause of action

The FDCPA was enacted to "protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  A debt collector is prohibited under the FDCPA from communicating to anyone "credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  15 U.S.C. § 1692e(8).  The FDCPA is a strict liability statute that makes debt collectors liable for all violations, even those that are not knowing or intentional.  *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir.2011).  A single violation of the FDCPA is sufficient to support liability.  *Blandina v. Midland Funding, LLC*, No. CIV.A. 13-1179, 2014 WL 6892083, at *1 (E.D. Pa. Dec. 4, 2014) (citing *Taylor v. Perrin, Landry, deLaunay, & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997)). Section 1692e(8) does not require an individual's dispute be valid or reasonable.  Instead, the plaintiff must simply make clear that he or she disputes the debt.  *DeSantis v. Computer Credit*, Inc., 269 F.3d 159, 162 (2d Cir. 2001) ("The consumer's right to take the position, at least

initially, that the debt is disputed does not depend on whether the consumer has a valid reason not to pay.").

Plaintiff alleges that he disputed the debt reported to TransUnion by Defendant and Defendant failed to report that the debt was disputed. Plaintiff claims he sent a letter to Defendant to dispute the debt on February 26, 2021. ECF No. 1-2. Absent any rebuttal from the Defendant, the Court presumes timely delivery of a properly addressed piece of mail. *Dicroce v. Norton*, 218 F. App'x 171, 174 (3d Cir. 2007). On May 30, 2021, the Plaintiff reviewed a copy of his TransUnion credit report and saw that the Defendant was continuing to report the debt to TransUnion without indicating that the debt was disputed. Compl. ¶¶ 28–34; ECF No. 1-3.

Thus, by failing to report that the debt at issue was disputed, Defendant violated the FDCPA. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018) ("Despite receiving the Letters, PRA still reported plaintiffs' debts to credit reporting agencies without noting that the debt amounts were disputed. This is a clear violation of the statute").

### B. Mountain Run has no litigable defenses

The Court is impeded by Defendant's failure to submit any response of any kind, but on the papers Fudge submitted, Mountain Run does not appear to have a litigable defense. It is "not the court's responsibility to research the law and construct the parties' arguments for them." *Travelers Cas. & Sur. Co. of Am. v. Perlman*, 351 F. Supp. 3d 930, 933 (E.D. Pa. 2019). Fudge has stated an FDCPA claim because Mountain Run violated the plain language of 15 U.S.C. § 1692e(8). The Court's independent review of the record has not revealed any reason to believe Mountain Run has a meritorious defense to Fudge's claims.

### C. Fudge would be prejudiced by denial of default judgment

4

Fudge would suffer prejudice if the Court denied him default judgment. Mountain Run was properly served over six months ago, and yet has failed to appear or defend itself in any manner. Defendant's collection actions have harmed Plaintiff and Defendant's continuing FDCPA violation is having a negative impact on Plaintiff's credit rating and is impairing his ability to obtain credit. Compl. ¶ 36. Meanwhile, Fudge has incurred costs and attorneys' fees associated with protecting his rights. Mountain Run's failure to appear has impeded Fudge's ability move forward with this action, including to obtain any discovery. The Court cannot allow Mountain Run to preclude Fudge's requested relief by simply failing to appear.

### D. Mountain Run's conduct is culpable

"Culpable conduct" for a non-responding defendant is conduct "taken willfully or in bad faith." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). Reckless disregard for repeated communications from a plaintiff and the court can satisfy the culpable conduct standard. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006). A non-responding defendant's conduct can be found culpable where he or she is properly served and fails to offer reasons for a failure to respond. *Einhorn v. Klayman Produce Co.*, No. CIV.A. 13-1720, 2013 WL 6632521, at *4 (E.D. Pa. Dec. 17, 2013). In this case, although Defendant was properly served with the Complaint six months ago (ECF No. 5) and properly served with subsequent Court documents (ECF No. 13), it never answered the complaint or otherwise appeared in this case. Therefore, the Court can "find no excuse or justification for default, apart from Defendant's own culpability." 2013 WL 6632521 at *4.

Accordingly, the Court finds that an entry of default judgment is appropriate.

## III.   REMEDIES

### A. Statutory Damages

Plaintiff seeks statutory damages of $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A). The FDCPA § 1692k(a) provides that any debt collector who fails to comply with the FDCPA is liable to for any actual damages to the consumer and "such damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1)–(2); *see also Balon v. Enhanced Recovery Co., Inc.*, 264 F. Supp. 3d 597 (M.D. Pa. 2017) (awarding $1,000 in statutory damages where plaintiff proved a § 1692e violation). In awarding additional damages, the Court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Courts may consider other relevant factors. *Id.*; *Crossley v. Lieberman*, 868 F.2d 566, 572 (3d Cir. 1989). In this case, the FDCPA violation by the Defendant is ongoing—Plaintiff reports that Defendant continues to fail to report to TransUnion that the debt is disputed. Further, Defendant has ignored the Plaintiff's attempts to dispute the debt and failed to respond at all in this case. Without any rebuttal or explanation from the Defendant, the Court concludes that the Defendant's persistent noncompliance is intentional.

Therefore, the Court will award Plaintiff the maximum $1,000 in statutory damages.

### B. Attorney's fees and costs

Plaintiff also seeks reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). The FDCPA § 1692k(a)(3) empowers to court to award plaintiffs who prevail on their FDCPA claims "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C.A. § 1692k. In support of his motion, Plaintiff submitted a declaration by his attorney explaining the calculation of his fees and costs. *See* Declaration of Stephen M. Dunne Exhibits A and B, ECF No. 14-2. The Court accepts this amount as adequately supported by Plaintiff's counsel's declaration and unchallenged by Defendant. Based

on the statements in the declaration and the Court's review of the bills provided, the fees are reasonable.

Accordingly, the Court will award fees and costs of $4,508.25 to Fudge.

### IV. CONCLUSION

For the foregoing reasons, the Court will enter default judgment against Mountain Run, including an award of statutory damages of $1,000.00 and a grant of $4,508.25 in attorneys' fees and costs, totaling $5,508.25. An appropriate order follows.

DATE:   12/08/2021                                   BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**